IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

PAUL A. RADER,

    Plaintiff,

v.                        CASE NO. 2:06-cv-00209

MICHAEL J. ASTRUE,
Commissioner of Social Security[1],

    Defendant.


**M E M O R A N D U M  O P I N I O N**

    This is an action seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case is presently pending before the court on cross-motions for judgment on the pleadings. Both parties have consented in writing to a decision by the United States Magistrate Judge.

    Plaintiff, Paul Rader (hereinafter referred to as "Claimant"), protectively filed an application for DIB on December 31, 2003, alleging disability as of December 12, 2003, due to back and knee problems and depression. (Tr. at 57-59, 79, 154.) The claim was denied initially and upon reconsideration. (Tr. at 32-35, 42-44.)

---

    [1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Under Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted for Linda S. McMahon as the defendant in this action.

On January 27, 2005, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 46.) The hearing was held on August 16, 2005, before the Honorable Theodore Burock. (Tr. at 283-309.) By decision dated January 26, 2006, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 14-24.) The ALJ's decision became the final decision of the Commissioner on February 28, 2006, when the Appeals Council denied Claimant's request for review. (Tr. at 6-8.) On March 23, 2006, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2006). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers

from a severe impairment. Id. § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. §§ 404.1520(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2006). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date. (Tr. at

3

16.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of lumbosacral disc disease, bilateral knee impairment, rotator cuff impairment, headaches, bilateral polyneuropathy of the lower extremities, high blood pressure, depression and a learning impairment. (Tr. at 16.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 20.) The ALJ then found that Claimant has a residual functional capacity for sedentary work, reduced by nonexertional limitations. (Tr. at 20.) As a result, Claimant cannot return to his past relevant work. (Tr. at 23.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as carting machine operator, sorter and bonder, which exist in significant numbers in the national economy. (Tr. at 24.) On this basis, benefits were denied. (Tr. at 24.)

<u>Scope of Review</u>

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

4

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

Claimant's Background

Claimant was thirty-eight years old at the time of the administrative hearing. (Tr. at 288.) Claimant graduated from high school, but was enrolled in special education classes. (Tr. at 289.) Claimant testified that he can read and write. (Tr. at 289.) In the past, he worked as a machine operator. (Tr. at 305.)

The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not

5

supported by substantial evidence because (1) the ALJ did not afford proper weight to the opinion of Claimant's treating physician, Charles McClung, D.O.; and (2) the ALJ erred in his residual functional capacity finding. (Pl.'s Br. at 2-10.)

The Commissioner argues that (1) substantial evidence supports the ALJ's determination that Claimant was not disabled; (2) the ALJ properly weighed the medical opinions of record; and (3) the ALJ properly assessed Claimant's residual functional capacity. (Def.'s Br. at 10-13.)

The court finds that the ALJ's decision is not supported by substantial evidence because the ALJ failed to adequately explain his findings about the weight afforded the opinion of Claimant's treating physician, Dr. McClung.

In evaluating the opinions of treating sources, the Commissioner generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. § 404.1527(d)(2) (2006). Thus, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." Ward v. Chater, 924 F. Supp. 53, 55 (W.D. Va. 1996); see also, 20 C.F.R. § 404.1527(d)(2) (2006).

Under § 404.1527(d)(2)(ii), the more knowledge a treating source has about a claimant's impairment, the more weight will be given to the source's opinion. Section 404.1527(d)(3), (4), and (5) adds the factors of supportability (the more evidence, especially medical signs and laboratory findings, in support of an opinion, the more weight will be given), consistency (the more consistent an opinion is with the evidence as a whole, the more weight will be given), and specialization (more weight given to an opinion by a specialist about issues in his/her area of specialty). Additionally, the regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." § 404.1527(d)(2).

Under § 404.1527(d)(1), more weight generally is given to an examiner than to a non-examiner. Section 404.1527(d)(2) provides that more weight will be given to treating sources than to examining sources (and, of course, than to non-examining sources). The Fourth Circuit Court of Appeals has held that "a non-examining physician's opinion cannot by itself, serve as substantial evidence supporting a denial of disability benefits when it is contradicted by all of the other evidence in the record." Martin v. Secretary of Health, Education and Welfare, 492 F.2d 905, 908 (4th Cir. 1974); Hayes v. Gardener, 376 F.2d 517, 520-21 (4th Cir. 1967). Thus, the opinion "of a non-examining physician can be relied upon

7

when it is consistent with the record." Smith v. Schweiker, 795 F.2d 343, 346 (4th Cir. 1986) (more weight given to an opinion by a specialist about issues in his/her area of specialty).

In his decision, the ALJ made the following one sentence finding about the weight afforded the opinion of Claimant's treating physician, Dr. McClung: "Dr. McClung's opinions are entitled to little weight as there is no basis in the record for such extreme limitations." (Tr. at 22.) The ALJ's decision contains no discussion of the factors identified in the regulations or the bases for the finding that Dr. McClung's opinions have no support in the record. The ALJ's findings do not conform to the regulations and case law cited above, and, as a result, this matter must be remanded for further administrative proceedings.

After a careful consideration of the evidence of record, the court finds that the Commissioner's decision is not supported by substantial evidence. Accordingly, by Judgment Order entered this day, the Plaintiff's Motion for Judgment on the Pleadings is GRANTED to the extent Claimant seeks remand and otherwise DENIED, this matter is REVERSED and REMANDED for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and this matter is DISMISSED from the docket of this court.

The Clerk of this court is directed to transmit copies of this Order to all counsel of record.

ENTER: March 19, 2007

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge